# United States Court of Appeals for the Fifth Circuit

---

No. 24-20074
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LENESHIA ELLEN WILLIAMS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-61-3

---

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Leneshia Ellen Williams was convicted of aiding and abetting interference with commerce by robbery (Count 1), in violation of 18 U.S.C. §§ 1951(a) & 2, and aiding and abetting brandishing a firearm in furtherance of a crime of violence (Count 2), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. Williams appeals her conviction on the second count, arguing that the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

factual basis for her guilty plea was insufficient to establish that she knew her codefendants would use or carry a firearm during the robbery as required by *Rosemond v. United States*, 572 U.S. 67 (2014), to establish aiding and abetting a § 924(c) violation.

We review this unpreserved issue for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). On plain error review, a defendant must demonstrate that the district court committed a clear or obvious error that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We review the entirety of the record, including the plea agreement and colloquy, the presentence report (PSR), and reasonable inferences drawn from the totality of the evidence. *Trejo*, 610 F.3d at 317.

A defendant may be convicted of aiding and abetting a § 924(c) violation if she "aids, abets, counsels, commands, induces, or procures" the commission of the underlying federal offense by (1) committing an affirmative act furthering any element of the offense, and (2) having an intent to facilitate the commission of the offense. 18 U.S.C. § 2; *Rosemond*, 572 U.S. at 74-75, 77-78. A defendant has the intent to facilitate brandishing a firearm in violation of § 924(c) when she had prior knowledge of the firearm before it was too late to reasonably act upon such knowledge, such that she could have attempted to alter the planned use of a firearm or withdraw entirely from the criminal scheme. *See Rosemond*, 572 U.S. 78-81; *United States v. Jordan*, 945 F.3d 245, 262 (5th Cir. 2019).

The record establishes that Williams acted as a getaway driver for her codefendants and assessed the number of individuals in the store prior to the robbery. Williams traveled with her codefendants to purchase a firearm prior to the robbery. Williams also otherwise stated that she understood the elements of the offense, that she was guilty as charged, and that she knew her codefendants were going to commit an armed robbery. Accordingly, the

record sufficiently demonstrates that Williams had prior knowledge that a firearm would be used or carried in the robbery and that she did not take any action to alter or withdraw from the criminal scheme. *See Rosemond*, 572 U.S. at 70-71; *Jordan*, 945 F.3d at 262.

Based on the entirety of the record, Williams has not demonstrated a clear or obvious error. *See Trejo*, 610 F.3d at 317; *Puckett*, 556 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.